1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

| SHAREN OGILVIE, | CASE NO. C23-1010JLR |
| Plaintiff, | ORDER |
| v. | |
| SANOFI-AVENTIS US LLC, et al., | |
| Defendants. | |

15    On May 30, 2023, this matter was transferred to the Western District of

16  Washington from the Eastern District of Louisiana.  (5/30/23 Transf. Order (Dkt. # 7).)

17  The Clerk issued a case opening letter instructing that counsel for all parties must

18  "associate local counsel in this district" and complete an application for leave to appear

19  *pro hac vice*.  (7/7/23 Letter (Dkt. # 9).)  On August 29, 2023, the court issued an initial

20  scheduling order, which directed that the parties shall file a combined joint status report

21  and discovery plan no later than October 3, 2023.  (8/29/23 Sched. Order (Dkt. # 20).)

22  //

ORDER - 1

1      To date, counsel for Plaintiff Sharen Ogilvie has neither associated local counsel

2   nor applied for leave to appear *pro hac vice*.  (*See generally* Dkt.)  Ms. Ogilvie therefore

3   has not complied with the instructions set forth in the case opening letter.  The court

4   further notes that on October 3, 2023, Defendants Sanofi-Aventis US LLC and Sanofi US

5   Services Inc. (collectively, "Defendants") timely filed a Joint Status Report ("JSR").

6   (JSR (Dkt. # 21).)  Although the JSR states that Ms. Ogilvie and the Defendants "jointly"

7   submitted the filing, the JSR is signed only by the Defendants' counsel.  (JSR at 1, 18.);

8   *see also* Federal Rule of Civil Procedure 11(a) (requiring that every pleading be signed

9   by an attorney of record for the filing party); Fed. R. Civ. P. 11(b) (explaining the

10  significance of the attorney signature requirement).  The court concludes that Ms. Ogilvie

11  has not complied with the initial scheduling order because her attorney failed to sign the

12  JSR, a joint filing.

13      Accordingly, the court ORDERS Ms. Ogilvie to SHOW CAUSE why this case

14  should not be dismissed for failure to prosecute.  *See* Fed. R. Civ. P. 41(b) (authorizing

15  dismissal with prejudice for failure to prosecute); *Henderson v. Duncan*, 779 F.2d 1421,

16  1423 (9th Cir. 1986) (noting that a district court has "inherent power *sua sponte* to

17  dismiss a case for lack of prosecution").  Ms. Ogilvie must respond to this show cause

18  order no later than **October 27, 2023**.  Alternatively, counsel for Ms. Ogilvie may

19  discharge this show cause order by entering an appearance in this matter or by applying

20  for leave to appear *pro hac vice* by **October 27, 2023**.  Failure to timely respond to this

21  order to show cause may result in the dismissal of this action with prejudice.  *See*

22  //

1   *Henderson*, 779 F.2d at 1423 (discussing factors that the court considers in determining

2   whether to dismiss for failure to prosecute).

3       The Clerk is directed to mail a copy of this order to Plaintiff's counsel.

4       Dated this 6th day of October.

5

6       JAMES L. ROBART
        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3